TUTT v. PORT ROYAL AND AUGUSTA RAILWAY COMPANY.

1. In a case at law, this court has the right to affirm a judgment of non-suit ordered by the court below, although basing their conclusion upon a ground other than that taken by the Circuit judge.
2. The points ruled in *Tutt* v. *Port Royal and Augusta Railway Company*, 16 *S. C.* 365, stated.

3. The trustee, under a trust deed, which gave to one C., for life, the possession and use of a tract of land, cannot, during C.'s life-time, recover from a railroad company a strip of land granted to it by C. for a road-bed until C.'s right of possession has been adjudged forfeited, which can only be done in a case to which he is a party.

Before PRESSLEY, J., Aiken, February, 1883.

This was an action by C. G. Tutt, trustee of Helena H. M. Cook and Horatio R. Cook, and their children, against the Port Royal and Augusta Railway Company, for the recovery of the possession of a strip of land used by the defendant for a road-bed, and for $2,500 damages. The plaintiff claimed as substituted trustee under a deed of trust from John Miller to George W. Miller, in trust for the use and benefit of Helena H. M. Cook and Horatio R. Cook, her husband, for their joint lives, with remainder to the survivor, and then to their children, &c. ; " and upon this further trust and condition that during the life of the said Horatio R., the said property, real and personal, shall remain in the possession and under the control and management of the said Horatio R., who shall be free from accountability for the annual rents, issues and profits thereof over and above the support of the family, provided he shall abstain from waste and destruction thereof."

The defendants claimed the strip of land in controversy (which is a portion of the land granted by the deed above mentioned) under a paper from Horatio R. Cook—in form a deed, but without seal—conveying it to their vendors for the use of a railroad track. Helena H. M. Cook and her husband, and three children are living. Other matters are stated in the opinion.

*Messrs. Henderson Bros.*, for appellant.

*Mr. William Elliott*, contra.

October 25th, 1883. The opinion of the court was delivered by

MR. JUSTICE McIVER. This is the second time this case has been before the court, and reference must be had to the former decision, as reported in 16 *S. C.* 365, for a history of the case.

After that decision, the plaintiff amended his complaint by alleging that H. R. Cook was entitled to the possession of the land, of which the strip in controversy is a part, so long as he abstained from waste and destruction thereof, or so long as he maintained his wife and children from the proceeds of the plantation; that the said H. R. Cook permitted the Port Royal Railroad Company to take possession of the said strip of land, and waste and destroy the same, by reason whereof the said plantation has failed to yield a sufficient support for the wife and children of said H. R. Cook, and the defendant corporation, who claim under said Port Royal Railroad Company, is in possession of said strip of land, using it as a track for their railroad, and committing great damage to the same and the plantation adjoining. Wherefore the plaintiff demanded judgment for possession of the said strip of land and for damages.

At the trial below the plaintiff offered testimony tending to prove these allegations and closed. The defendant then moved for a non-suit, but upon what particular ground is not stated in the "Case." The non-suit was ordered, the Circuit judge stating his reasons as follows: "This action, originally based on the title of the plaintiff to the land held or used by the defendant, has, by leave of the Supreme Court, been changed into an action to enforce an alleged forfeiture of H. R. Cook's right to possess and control the said plantation during his life. Whatever may be the form of plaintiff's allegation, that is its substance, and he cannot recover, unless, under the rulings of the Supreme Court, H. R. Cook has done that which forfeits his right of possession. Admitting that there is sufficient testimony on that point to justify my sending the case to the jury; and, further, admitting that they would find that there had been waste or destruction by H. R. Cook, nevertheless, when the facts are not disputed on the question of the waiver of that forfeiture, it is my duty to decide whether they amount in law to a waiver. The proof is that the former trustee of this estate lived on the adjoining plantation; that he gave the defendants right of way through his own lands; that he knew when defendants were making their railroad through this plantation; that Mrs. Cook also knew it; that said trustee lived for several years after the road was made

there; that plaintiff, successor of the former trustee, after his death, permitted H. R. Cook to remain in possession and control of said plantation under the trust deed; that he is still in such possession, and that no procedure has ever been instituted against him to establish a forfeiture of his possession. In this state of the case, I hold that the parties interested in this action have clearly waived such forfeiture, if any, and they cannot recall said waiver."

The plaintiff appeals from this judgment of non-suit upon the following grounds: First. Because the Circuit judge erred in excluding certain testimony offered by the plaintiff for the purpose of showing " the decreased value of the plantation in question; also the decrease in the income; also its present condition as compared with its condition when the road first ran through; and in holding that the testimony must be limited to facts tending to show, either that H. R. Cook's license to the Port Royal Railroad Company was a reckless act, or that said act was voluntary waste." Second. Because the Circuit judge erred in holding " that if there had been a forfeiture on the part of H. R. Cook and those who claim under him, the plaintiff cannot enforce said forfeiture because it had been waived by the trustee, Miller, the predecessor of the plaintiff, and by Mrs. Cook, and because H. R. Cook has been permitted to remain in possession of the remainder of the place after said alleged forfeiture. Whereas, it is submitted that waiver is a question of fact, and should have been submitted to the jury; and, further, it is submitted that a trustee, such as Miller was, and Tutt is, without power to sell, could not waive a forfeiture prejudicial to the trust-estate, especially when such forfeiture was committed by strangers to the trust-estate who had notice of equities of the *cestuis que trust.*"

The defendant also, according to the proper practice, gave notice that, if this court should be unable to sustain the judgment of non-suit upon the ground upon which it was based by the Circuit judge, defendant would ask that it be sustained upon sundry other grounds set out in the " Case," amongst which is the following: " Because forfeiture against the railroad company

H

cannot be enforced unless it be enforced against H. R. Cook also; and it cannot be enforced against him in this action, because he is not a party hereto."

We are entirely satisfied that the judgment of non-suit was properly granted; but we prefer to rest our conclusion upon a different ground from that taken by the Circuit judge. Our right to do this, in a case at law, seems to be questioned by the appellant in his argument; but we have no doubt at all upon the point. What we are called upon to review is the judgment—not the reasons which may have been given for such judgment. Hence, if, in our opinion, the judgment appealed from is right, we are bound to affirm it whether we concur in the reasons given for it or not.

It seems to us that the following points were settled by the former decision in this case: First. That H. R. Cook was entitled to possession of the plantation, of which the strip of land in controversy is a part, not under or by permission of the trustee, but under the terms of the deed of trust. Second. That, by virtue of this right of possession, Cook, while he could not convey the title of the land to the railroad company, could license them to use the right of way over it; and, having done so, no one could object to this easement thus conferred by Cook to the railroad company as long as Cook's rights to the possession of the plantation continued. Third. That Cook still retained his right, under the deed, to the possession of the entire plantation, including the strip of land in controversy, the defendant being only entitled to the right of way under the license from Cook. Fourth. That before appellant could interfere with this license to the company from Cook, it must be made to appear that Cook had forfeited his right to possession under the trust deed by a failure to comply with the conditions upon which his right to possession was assured.

The language of the chief justice, in delivering the opinion of the court at the former hearing, is as follows: "All the right which the defendant obtained was the right of way. The tract of land through which it ran was rightfully in the possession of Cook, and it is still in his possession, subject to this easement of appellant [the defendant]; and we do not see that the

respondent [the plaintiff] can legally claim the possession because Cook has consented to this easement.   Before the appellant, as trustee, could interpose, Cook's acts should amount to a forfeiture, either because he had diminished the capacity of the land to afford his wife and children support and maintenance out of the rents and profits, or because he had committed waste or destruction."

It follows from this that the plaintiff has no right of action to recover the possession of any part of the lands until Cook's right of possession, which he holds under the deed of trust, has been adjudged forfeited; and, certainly, this can only be done in a case to which Cook is a party.   For even if it should be established beyond controversy, in this case, that the acts done and permitted by Cook would work a forfeiture of his right of possession, this would not be binding upon Cook, he not being a party, and he would still retain his right of possession; and, if so, certainly the plaintiff would not be entitled to judgment for the possession.   It is clear, therefore, that upon this ground, if no other, the non-suit was properly ordered.

The other question raised by this appeal, as to the rejection of the testimony referred to in plaintiff's first ground of appeal, becomes wholly unimportant in this view of the case.   Indeed, this, as well as most of the other questions presented in the argument, cannot now be properly considered, inasmuch as in our judgment the proper parties for their adjudication are not now before the court.   Cook, whose right of possession is assailed, has, undoubtedly, the right to be heard on these questions; and it would be not only premature but unjust to discuss or decide them now.   Whether Cook can be made a party to this case jointly with the defendant, or whether a separate action should not first be brought against him for the purpose of having his right of possession under the deed adjudged forfeited, and whether to such action all the beneficiaries under the deed should not be made parties, are all questions which it would be premature to discuss or decide in this case.

The judgment of this court is that the judgment of the Circuit Court be affirmed.